IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT L., HILLARY L. and C.L.,<br><br>Plaintiffs,<br>v.<br><br>CIGNA HEALTH and LIFE INSURANCE CO., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION AND STAYING PRODUCTION OF DISCOVERY REQUESTS<br><br>Case No. 2:18-cv-976 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

The matter is referred to the undersigned from Judge Robert Shelby under 28 U.S.C. § 636(b)(1)(A). ECF 12. Before the court is Defendants' Short Form Discovery Motion. ECF 17. The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND[1]

Plaintiff Robert L. is a participant in a self-funded employee welfare benefits plan subject to ERISA. *See* 29 U.S.C. §2001 *et seq.* Plaintiff C.L. (C.) is the child of Robert and Co-plaintiff Hillary L. She has a history of behavioral problems especially with substance abuse. C. also suffers from bipolar disorder, which is exacerbated by the substance abuse. On February 24, 2014, C.'s psychiatrist recommended that she be immediately admitted to an inpatient residential

---
[1] The facts are taken from Plaintiffs' complaint.

treatment program as prior treatment efforts had failed. C. started treatment at Newport Academy, a rehabilitation center for teens, on February 28, 2014.

In June of 2014, C. was discharged from Newport Academy and began further treatment at a therapeutic boarding school based on recommendations from Newport Academy staff and an educational consultant. C. attended the therapeutic boarding school until July 2015 when she started attending a regular boarding school. In August of 2016, C. was arrested and following some threats of suspension from boarding school, was eventually transported to University Neuropsychiatric Institute (UNI) in Salt Lake City. At UNI C. received an official diagnosis of bipolar I with noted addictions to heroin and other narcotics.

Following her stay at UNI, C. was admitted to Open Sky. Open Sky is a licensed treatment facility that provides "sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems." Compl. ¶ 4, [ECF 2](), p. 2. Defendant Cigna Health and Life Insurance Company (Cigna) sent a letter denying payment of C.'s treatment at Open Sky on July 25, 2017. Cigna denied coverage on the basis that C.'s symptoms did not meet Cigna's necessity criteria for admission and continued stay at a residential mental health facility and instead, was done to provide a "safe and structured environment." Cigna also noted that the plan does not cover wilderness therapy programs. Plaintiffs appealed the denial, but on February 15, 2018, Cigna sent a letter upholding the denial of payment for Open Sky.

Plaintiff also underwent treatment at Elevations on the recommendation of her treatment team at Open Sky. C. was admitted to Elevations on February 15, 2017. Similar to Open Sky, Plaintiffs' complaint alleges that Elevations is a licensed treatment facility in the State of Utah. Cigna denied payment for C.'s treatment at Elevations from March 11, 2017, forward based on similar reasoning to the first denial—that C.'s symptoms do not meet "Cigna's Behavioral

Health Medical Necessity Criteria for continued stay at Residential Mental Health Treatment for Children and Adolescents. … Less restrictive levels of care are available for safe and effective treatment." Compl. ¶34. Once again, Plaintiffs Robert and Hillary appealed the denial of C.'s treatment. That appeal was also denied.

Having completed the appeals process, Plaintiffs filed suit against Cigna in this court asserting a claim for benefits under ERISA, *see* 29 U.S.C. §1132(a)(1)(B), and a claim for violation of the Mental Health Parity and Addiction Equity Act (Parity Act), s*ee* 29 U.S.C. §1132(a)(3), for unequal coverage of mental health benefits.

## DISCUSSION

Presently pending before the district judge is Cigna's Motion for Partial Summary Judgment. In that motion Cigna seeks to dismiss Plaintiffs' second cause of action for alleged violations of the Parity Act. The discovery at issue in this motion pertains to that cause of action. Plaintiffs seek supplemental responses to interrogatories numbers 1, 2, 6, and 7, and requests for production numbers 1-7, and requests for admissions numbers 4-7. The court first considers some general discovery principles that govern these requests.

The Tenth Circuit in *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151 (10th Cir. 2010), noted that even though Rule 26(b) governs discovery requests in ERISA cases, "we emphasize that neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim." *Id.* at 1162-63. Rule 26(b) does not permit unlimited discovery, and such discovery must be relevant, nonprivileged, and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and

whether the burden or expense of the proposed discovery outweighs it likely benefit."
Fed.R.Civ.P. 26(b)(1).

To aide in determining what discovery is appropriate in ERISA cases the *Murphy* court set forth a some non-exclusive factors that include: (1) consideration of the underlying purpose in ERISA cases that a "fair and informed resolution of claims" is accompanied by the need to ensure a "speedy, inexpensive, and efficient resolution of those claims;" *Id. See also*, *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308 (10th Cir. 2007) (noting ERISA's "goal of prompt resolution of claims by the fiduciary"); and (2) the necessity of such discovery including the benefits, burdens and costs. Finally, the court noted that a "district court has substantial discretion in handling discovery requests under Rule 26(b)." *Id.* at 1164.

Also instructive to the instant dispute are some recent cases from this district. In *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18cv753 DAK, 2019 WL 2493449 (D. Utah June 14, 2019), Judge Kimball denied a motion for judgment on the pleadings that sought to dismiss a Parity Act claim. The court rejected the defendant's argument that there is no private right of action under the Parity Act citing to ERISA's remedial framework and the Act's very purpose. Judge Kimball also explained the importance of discovery to Parity Act claims. "The nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions. Discovery will show whether [the defendant] improperly limited mental health benefits under the Plan." *Id.* at *4.

In contrast to *Timothy D.*, in *Roy C. and Rachel C. v. Aetna Life Ins. Co.*, No. 2:17cv1216 DB, 2018 WL 4511972 (D. Utah Sept. 20, 2018), Judge Benson dismissed the plaintiffs' claim for benefits under the Parity Act. "Because the Parity Act 'targets limitations that discriminate

against mental health and substance abuse treatments in comparison to medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services." *Id.* at *3 (citation omitted). Both Plaintiffs' Complaint and the proposed Amended Complaint "failed to allege facts sufficient to support a violation of the Parity Act." *Id.* Therefore, the claim was dismissed.

Finally, in *Melissa P. v. Aetna Life Ins. Co*. 2018 WL 6788521, at *3 (D. Utah Dec. 26, 2018), this court granted the plaintiff's motion for leave to amend so she could state her claim under the Parity Act more clearly. In reaching its decision the court cited to the purposes behind the Parity Act to end discrimination between insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions. The court also noted the importance of discovery in Parity Act claims that would allow the plaintiff "to learn and compare the processes, strategies, evidentiary standards, and other factors [the defendant] used for sub-acute care in both realms." *Id.* at *4.

With these backdrop principles in mind the court turns to the current motion that seeks "an order forbidding the supplemental discovery responses …." ECF 17 p. 2. Defendants seek to avoid discovery about the Parity Act claim arguing they have already filed a motion for partial summary judgment on the claim and Plaintiffs' argument about the alleged violations "are groundless." *Id.* Further, the requested discovery is "intertwined with the decision of the partial summary judgment motion" and the discovery is a "fishing expedition." *Id.* In response, Plaintiffs assert the discovery is necessary, so the Parity Act claims can be properly evaluated.

Based on the case law and principles set forth above, Defendants cannot avoid discovery into the Parity Act claims simply because a motion for partial summary judgment has been filed.

5

The cases from this district note the importance of discovery to Parity Act claims and the Tenth Circuit's factors do not preclude such discovery. And, if appropriate under the circumstances of a case such discovery is not simply a fishing expedition, rather, it could be critical to a Parity Act claim. Therefore, the court will deny Defendants discovery motion to forbid the supplemental responses.

There remains, however, the inherent possibility that such discovery may become unnecessary if Judge Shelby concludes as Judge Benson did in *Roy C.* 2018 WL 4511972, that Plaintiffs fail to allege facts sufficient to support a violation of the Parity Act. Plaintiffs have not filed a separate Rule 56(d) motion seeking unavailable facts that would preclude partial summary judgment, but do make such arguments in opposition to Defendants' partial summary judgment motion. ECF 19, pp. 14-16. If the Rule 56(d) arguments are well taken, or if Judge Shelby concludes sufficient facts have been alleged to support the Parity Act claim, then the supplemental discovery requests should be produced within thirty (30) days from the date of Judge Shelby's decision. Conversely, if the partial summary judgment motion is granted, then the supplemental discovery would run counter to the proportionality requirements of Rule 26. Because "this discovery dispute is intertwined with the decision of the partial summary judgment motion" ECF 17 p. 3, the undersigned stays the production of the supplemental requests as previously set forth until a decision is rendered on the partial summary judgment motion.

ORDER

Based upon the foregoing, Defendants' Short Form Discovery Motion is DENIED.

IT IS SO ORDERED.

DATED this 21 November 2019.

_____
Dustin B. Pead
United States Magistrate Judge